CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 24 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DEBORAH BLANKENSHIP, by Cheryl Floyd, Substitute Party, </br></br>Plaintiff, </br></br>v. </br></br>MICHAEL J. ASTRUE, Commissioner of Social Security, </br></br>Defendant. | Civil Action No. 5:08CV00090 </br></br>**MEMORANDUM OPINION** </br></br>By: Hon. Glen E. Conrad </br>United States District Judge |

Cheryl Floyd has filed this action challenging the final decision of the Commissioner of Social Security denying a claim filed by her deceased sister, Deborah Blankenship, for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381, et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that Deborah Blankenship was not disabled within the meaning of the Act at any time prior to her death. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640, 645 (4th Cir. 1966). Stated briefly, substantial evidence has been characterized as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The original claimant, Deborah Louise Blankenship, was born on July 19, 1954 and eventually completed a college education. Ms. Blankenship worked as an interior designer, cafeteria manager, food service worker, bartender, and telemarketer. She last worked on a regular and

sustained basis in 2000. On September 28, 2004, Ms. Blankenship filed applications for disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on January 31, 2001, due to neurological and balance problems on the left side, including pain, numbness, and lack of strength.

Ms. Blankenship's claims were denied upon initial consideration and reconsideration. She then requested a <u>de novo</u> hearing and review before an Administrative Law Judge. However, Ms. Blankenship died on June 6, 2002, before the administrative hearing could be conducted. Cheryl Floyd, Ms. Blankenship's sister, qualified as a substitute party, and is now the party in interest.[1] Cheryl Floyd and her mother, Betty Blankenship, appeared and testified at the administrative hearing in the case on June 27, 2006.

By memorandum opinion entered October 26, 2006, an Administrative Law Judge denied plaintiff's entitlement to a period of disability and disability insurance benefits, and dismissed plaintiff's claim for supplemental security income benefits.[2] For purposes of the disability insurance benefits claim, the Administrative Law Judge found that Ms. Blankenship met the insured status requirements of the Act through the first quarter of 2006, but not thereafter. <u>See, gen.</u>, 42 U.S.C. § 423. Consequently, plaintiff could establish entitlement to disability insurance benefits only if she was disabled for all forms of substantial gainful employment beginning on or before March 31, 2006. <u>See, gen.</u>, 42 U.S.C. § 423. The Law Judge found that, as of the date of alleged disability onset, Ms. Blankenship suffered from chronic alcohol use, as well as resulting alcohol-induced hepatitis and

---

[1] For purposes of consistency and clarity, the court shall hereinafter refer to Ms. Blankenship as the plaintiff in this case.

[2] The record reveals that Ms. Blankenship's application for supplemental security income benefits was dismissed because she had no eligible dependents. The dismissal was unopposed. (TR 30).

2

alcohol-induced peripheral neuropathy, which was so severe as to meet the criteria for substance addiction disorder set forth under § 12.09 of the Listing of Impairments under Appendix I to Subpart P of the Administrative Regulations Part 404. However, the Law Judge correctly recognized that a claimant could not be found disabled for purposes of entitlement to disability insurance benefits if alcoholism or drug addiction contributed to the claimant's disability. See 42 U.S.C. § 423(d)(2)(C). The Law Judge found that without considering the effects of alcohol use, Ms. Blankenship did not experience any severe impairments within the meaning of 20 C.F.R. § 404.1521. Accordingly, the Law Judge concluded that Ms. Blankenship was not disabled within the meaning of the Act at any time prior to her death, and that she was not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(c). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. All available administrative remedies having been exhausted, the matter has now been appealed to this court.

While plaintiff may have been disabled for certain forms of employment, the crucial factual determination is whether Ms. Blankenship was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

3

Case 5:08-cv-00090-GEC   Document 17   Filed 06/24/09   Page 3 of 8   Pageid#: 59

Under 42 U.S.C. § 423(d)(2)(C), it is provided as follows:

> An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

Under 20 C.F.R. § 404.1535(b), it is noted that the key factor to be considered in determining whether alcoholism is a contributing factor material to the determination of disability, is whether the claimant would be disabled if she stopped using alcohol.

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The record in this matter clearly establishes that Ms. Blankenship was afflicted with severe and longstanding alcoholism. She continued to abuse alcohol even after her doctors advised her that her health and her life were endangered by continuing alcohol intake. Ms. Blankenship participated in a variety of detox and rehabilitation programs, without success. As found by the Administrative Law Judge, Ms. Blankenship's continued use of alcohol resulted in liver damage as well as peripheral neuropathy. However, despite the presence of organ damage, the court must agree that there is medical evidence which reasonably supports the Law Judge's finding that Ms. Blankenship could have worked on a regular and sustained basis had she abstained from the use of alcohol. Inasmuch as the Social Security Act now proscribes consideration of the effects of drug or alcohol abuse in assessing a claimant's entitlement to benefits, it can only be concluded that the Commissioner's final decision in the instant case is supported by substantial evidence and must be affirmed.

On appeal to this court, plaintiff's attorney has submitted several arguments in support of the assertion that the Administrative Law Judge's decision is inconsistent with the evidence of record. It is true that Ms. Blankenship's mother and sister testified to the effect that Ms. Blankenship had

4

gait and balance problems at a young age, before she started using alcohol, and that these difficulties worsened as she grew older. However, the court believes that the Commissioner properly determined that most of the doctors who examined Ms. Blankenship attributed her gait and balance problems to alcoholic neuropathy. The court agrees that there is no objective medical evidence which supports the notion that Ms. Blankenship experienced neurological problems independent of alcohol use which were so severe as to affect her capacity for work. As noted by the Commissioner in a memorandum in support of his motion for summary judgment, the unfortunate fact is that Ms. Blankenship was intoxicated during many of the occasions on which she sought and received medical treatment. Most of her doctors attributed her symptoms to continuing alcohol use. The court must agree that plaintiff has failed to carry the burden in demonstrating that there were independent medical problems which would have prevented performance of substantial gainful activity, notwithstanding the continuing alcohol abuse. Inasmuch as the claimant carries the burden of proof in establishing the existence of a disability, this deficiency is largely dispositive of Ms. Blankenship's claim for benefits.

The second argument advanced on appeal is that one doctor actually found that Ms. Blankenship experienced disabling neurological impairments even without consideration of the continuing alcohol abuse. Dr. Madeline Harrison, a neurologist at the University of Virginia Medical Center, saw Ms. Blankenship on several occasions. Dr. Harrison believed that plaintiff's symptomatology, including gait ataxia, distal sensory loss, and decreased ankle jerks, could not be totally ascribed to alcohol use, based on findings of an MRI scan. (TR 280). Dr. Harrison suggested that there might be other causal factors, including nutritional issues and vitamin deficiencies. (TR 281). On February 28, 2006, Dr. Harrison produced a physical residual functional capacity

questionnaire. Dr. Harrison's responses indicate that Ms. Blankenship's ataxia and peripheral neuropathy resulted in significant impairments in her capacity to perform substantial gainful activity. More to the point, on May 25, 2006, Dr. Harrison responded to questions on an interrogatory form so as to indicate that Ms. Blankenship's alcohol use was not a contributing factor to her disability. (TR 337). On appeal to this court, plaintiff argues that Dr. Harrison qualifies as a treating physician, whose opinion is entitled to greater weight under 20 C.F.R. § 404.1527(d)(2).

The court finds substantial evidence in support of the Commissioner's decision not to accord controlling weight to Dr. Harrison's assessment as to the extent of the interaction of alcoholism in Ms. Blankenship's overall physical condition. As noted above, all of the other physicians who saw plaintiff during the same period of time eventually reached the conclusion that Ms. Blankenship's neurological symptoms were directly related to her continuing consumption of alcohol. In addition to the reports from examining physicians, the Administrative Law Judge also relied on medical reviews from three state agency physicians which indicate that plaintiff's impairments would not be disabling if she stopped using alcohol. Perhaps most importantly, in the face of a multitude of medical observations linking plaintiff's alcoholism to her physical and emotional symptomatology, Dr. Harrison identified no other possible causes for Ms. Blankenship's ataxia and peripheral neuropathy other than for possible nutritional and vitamin deficiencies.

The extent of a treatment relationship between a claimant and a physician is only one factor to consider in determining what weight to accord to the physician's opinion evidence. Even assuming that Dr. Harrison qualifies as a treating physician in Ms. Blankenship's case,[3] the court

---

[3] In the residual functional capacity questionnaire dated February 28, 2006, Dr. Harrison reported that she had seen Ms. Blankenship on two occasions. (TR 331).

6

believes that the Commissioner had a reasonable basis upon which to question Dr. Harrison's conclusory opinion as to the lack of any causal connection between plaintiff's consumption of alcohol and her ataxic gait. Under 20 C.F.R. § 404.1527(d)(3), it is provided as follows:

> The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.

In the instant case, the court is constrained to conclude that there is substantial evidence consistent with the Commissioner's determination that Dr. Harrison's opinions regarding the impact of plaintiff's alcoholism are not supported by the body of medical evidence.

It must be recognized that the claimant carries the burden of presenting medical evidence sufficient to establish the existence of a qualifying disability. 42 U.S.C. § 423(d)(5)(A). In the instant case, the medical record, as well as the other sources of evidence, strongly suggest that Ms. Blankenship's primary impairment was alcohol abuse. Regrettably, Ms. Blankenship continued to engage in regular and excessive use of alcohol, despite the understanding that she was causing damage to her liver. The medical record establishes that Ms. Blankenship was often inebriated at the time of doctor visits. Plaintiff ultimately died of liver failure. In the circumstances presented by this case, the court must conclude that there is substantial evidence to support the Commissioner's conclusion that plaintiff's alcoholism was a contributing factor material to the disability evaluation. It follows that the Commissioner's final decision denying benefits must be affirmed.

In affirming the Commissioner's final decision in this case, the court does not suggest that Ms. Blankenship was free of nonalcohol related physical and mental problems. Ms. Blankenship was treated for anxiety on a number of occasions. The lay testimony indicates that she experienced

7

Case 5:08-cv-00090-GEC   Document 17   Filed 06/24/09   Page 7 of 8   Pageid#: 63

some neurological deficiencies beginning at an early age. The record further suggests that Ms. Blankenship was underweight and that she may have experienced nutritional issues separate and apart from alcoholism. However, as properly noted by the Commissioner, all of these difficulties were present to some degree during the many years in which Ms. Blankenship was productively employed. It is well established that the inability to do work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the physical and emotional factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 24th day of June, 2009.

*[signature]*
United States District Judge